UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON CHANEY | CIVIL ACTION |
| VERSUS | NO. 09-7235 |
| OMEGA PROTEIN, INC. | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment on Maintenance and Cure (Rec. Doc. 8 and Rec. Docs. 14 and 15), filed by Plaintiff Aaron Chaney ("Chaney"). This motion is opposed. (See Rec. Doc. 13). After considering the memoranda of the parties and the applicable law, the Court denies this motion.

Chaney claims to be a Jones Act Seaman who was injured on July 9, 2009 while serving as an able-bodied seaman on a fishing vessel, G.P. ANNA, owned and operated by Defendant, Omega Protein, Inc. ("OPI"). In his motion, Chaney asserts that OPI has a statutory obligation to pay maintenance and cure. Chaney also contends that his medical bills have accumulated (and continue to accumulate) as a result of his injury, total approximately $7,700.00[1] Chaney complains that OPI has unreasonably failed to fulfill its obligation to pay maintenance benefits to him, nor has it paid any of the medical bills following the initial exam and prescriptions. Chaney contends that OPI's failure to pay the full amount of maintenance and cure is arbitrary and capricious and that OPI is liable for compensatory damages, penalties and

---

[1] While Chaney asserts in his initial motion that his medical bills "total over $4900.00" (See Rec. Doc. 8, p. 2), he was allowed to amend his motion to add the treating physician's prescription for Epidural Steroid Injections, the cost of which Plaintiff claims to be $2800.00. (See Rec. Doc. 14, 14-2, and 15).

attorney fees, as well as punitive damages in addition to the cure.

In opposition, OPI argues that Chaney's motion is not supported by sufficient evidence to demonstrate that he is entitled to an award of maintenance and cure. Alternatively, OPI asserts that, at the time its Opposition was filed, the parties had not yet filed a Rule 26(f) Report, discovery had not yet commenced, and Chaney had not provided any documentation in support of his claim(s), it is appropriate for this Court to order that the instant motion be denied under Rule 56(f) of the Federal Rules of Civil Procedure.

To recover maintenance and cure, Chaney must show: (1) his engagement as a seaman, (2) that his illness or injury occurred, was aggravated, or manifested itself while in the ship's service, (3) the wages to which he may be entitled to the end of the voyage, and (4) the expenditures or liability incurred by him for medicines, nursing care, board and lodging, etc. *Freeman v. Thunder Bay Trans. Co., Inc.*, 735 F.Supp. 680 (M.D. La. 1990).

Here, as OPI points out, Chaney has not presented any evidence upon which any award of maintenance and cure may be made. There is no evidence, other than his unsupported assertions, that Chaney is currently suffering from a medical condition or disability, which occurred in the service of F/V ANNA on July 9, 2009, or that he is incurring any medical or lodging expenses in order to recover from any such injury. While Chaney alleges that he is "unable to work" and that he has sustained unreimbursed medical expenses, he has put forth no evidence in support of these allegations.[2] OPI notes that Chaney also did not provide such

---

[2] The only document/evidence attached to Chaney's initial motion is a report which was completed on the day following the July 9, 2009 incident where he fell from the purse boat into the water. The report does not indicate that Chaney sustained any serious injury.

The only other medical evidence before the Court is that Chaney was seen several times following the incident, and was released to return to work upon each examination. After the incident,

information in his Initial Disclosures.

Based on the evidence presently before the Court, this motion is denied. As discovery is ongoing, the Court will entertain an adequately supported similar motion directed to this issue, if necessary, at a later date.

Considering the foregoing, **IT IS ORDERED** that the **Motion for Summary Judgment on Maintenance and Cure (Rec. Doc. 8)** should be and is hereby **DENIED**, without prejudice, to Plaintiff's right to re-urge a similar motion after discovery commences.

New Orleans, Louisiana, this 15th day of April 2010.

_____
KURT D. ENGELHARDT
United States District Judge

---

Chaney was transported shore-side for a medical evaluation. He was seen at Business Health Partners in Sulphur, Louisiana on July 10, 200. An examination was conducted, x-rays were taken, and it was determined that Chaney sustained no more than a bruise to his ribs and a minor muscle strain. He was released to return to full duty as of July 10, 2009. (Exhibit 1 to Rec. Doc. 13). Indeed, the next day, Chaney resumed work at his full duties. On July 15, 2009, Chaney returned to Business Health Partners for a follow–up examination. No significant condition was diagnosed, and Chaney was given another full release to return to regular duty. Chaney returned to work the following day at full duty. A return appointment was scheduled. (*Id.*) Chaney returned to Business Health Partners on July 28, 2009. At that time he was placed on limited duty with the restrictions of no pushing, pulling, lifting or carrying of more than fifteen pounds. He was cleared for return to work the same day subject to the listed restrictions. (*Id.*) On July 31, 2009, Chaney again returned to Business Health Partners. He was, once again, released to return to work on that date with continued limitations. (*Id.*) Chaney returned to work and continued working until August 2, 2009. An appointment was made for Chaney to see an Orthopedist, Dr. Thomas Montgomery. However, after the vessel came ashore on August 2, 2009, Chaney left and did not return. He did not keep his appointment with Dr. Montgomery. He did not keep in touch with Omega Protein and has not advised anyone of his condition or his reason for leaving.

Chaney also attaches a prescription for Epidural Steroid Injections (Rec. Doc. 14-2); however, it is not apparent whether the need for the injections was caused by an injury sustained while in OPI's employ. Also, Plaintiff asserts that the cost for such injections is $2800.00. (See Rec. Doc. 14), but no evidence is submitted to support this assertion.

3