UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON CHANEY                                             CIVIL ACTION

VERSUS                                                   NO.  09-7235

OMEGA PROTEIN, INC.                                      SECTION  "N"  (4)

**ORDER AND REASONS**

Before the Court is the Motion in Limine to Exclude and/or Limit the Testimony of David E. Cole (Rec. Doc. 67).  In this motion, Omega Protein, Inc. ("Omega") requests that this Court exclude the testimony and opinions of David E. Cole, Commander USCG (ret.), Plaintiff Aaron Chaney's purported liability expert. Omega argues that Cole's opinions fail the reliability and relevancy requirements of the Federal Rules of Evidence as prescribed by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and its progeny.  Omega further contends that Cole's opinions consist entirely of legal conclusions. Chaney has opposed this motion. (See Rec. Doc. 70). After considering the memoranda of the parties, the exhibits attached thereto, and the applicable law, the Court rules as set forth herein.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v.*

*Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir.2004); see *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir.2004); see *Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed.Appx. 377, 381 (5th Cir.2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's reliability.'" (citing *Kumho Tire*, 526 U.S. at 152)). With respect to the determination of relevancy pursuant to Rule 702 and Daubert, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.2003).

Further, Rule 704(a) of the Federal Rules of Evidence provides: "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate

2

issue to be decided by the trier of fact." However, Rule 704(a) "does not allow a witness to give legal conclusions." *U.S. v. Williams*, 343 F.3d 423 (5th Cir.2003)(citing *United States v. Isydore*, 167 F.3d 213, 218 (5th Cir.1999)).

The Court concludes that this motion is denied to the extent that Cole can offer testimony regarding the proper and customary procedures on vessels. In this respect, the Court concludes that Cole's testimony meets the reliability requirements of Rule 702. However, with respect to the opinions set forth in Cole's report, the Court finds that he will not be allowed to offer any testimony regarding the following statement in the "Analysis and Opinion" section of his Report, on page 4:

-his opinion that certain failure "amounted to negligence".

-his conclusion that the vessel was "not fit for its intended purpose" and was "unseaworthy".

Neither of these opinions will be allowed as they constitute impermissible legal conclusions, which ultimately should be made by the jury. Essentially, Cole's testimony regarding the proper and customary procedures on vessels in general may assist the jury in evaluating the specific facts of Chaney's case and reach a conclusion on the applicable issues. Thus,

**IT IS ORDERED** that the **Motion in Limine to Exclude and/or Limit the Testimony of David E. Cole (Rec. Doc. 67)** is **GRANTED IN PART and DENIED IN PART.**

New Orleans, Louisiana, this 8th day of November 2010.

_____
KURT D. ENGELHARDT
United States District Judge